**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **WILLIAM BASSETT, individually and** | : | |
| **as Parent and Natural Guardian of B.B.,** | : | |
| **Minor** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN and ASHLEY MILLER, individually** | : | |
| **and as Parents and Natural Legal Guardians** | : | |
| **of E.G., M.G. & M.M., Minors** | : | |
| | : | CIVIL NO. 3:22-cv-06 |
| **and** | : | |
| | : | |
| **BRENT and BRIDGET CONKLIN,** | : | |
| **Individually and as Parents and** | : | |
| **Natural Legal Guardians** | : | |
| **of T.C.** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN and MICHELLE MCMULLEN,** | : | |
| **Individually and as Parents and** | : | |
| **Natural Legal Guardians** | : | |
| **of O.M.** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JEREMY SPONTAK,** | : | |
| **Individually and as Parent and** | : | |
| **Natural Legal Guardian** | : | |
| **of J.S.** | : | |
| | : | |
| **and** | : | |
| | : | |
| **BENNY AND TAMMY BUTLER,** | : | |
| **Individually and as Parents and** | : | |
| **Natural Legal Guardians** | : | |
| **of J.B. & J.B.** | : | |
| | : | |
| **and** | : | |

**PATRICK AND VALERIE CARFLEY,**
**Individually and as Parents and**
**Natural Legal Guardians**
**of A.R. & A.C.**

**and**

**AARON AND ALMA RODGERS,**
**Individually and as Parents and**
**Natural Legal Guardians**
**of A.R.**

**and**

**HOWARD FORREST,**
**Individually and as Parent and**
**Natural Legal Guardian**
**of J.F.**

**and**

**SHANNON HERRING,**
**Individually and as Parent and**
**Natural Legal Guardian**
**of S.H.**

**and**

**SYLVIA NORONHA,**
**Individually and as Parent and**
**Natural Legal Guardian**
**of S.N.**

      **Plaintiffs,**

      **v.**

**PENNSYLVANIA INTERSCHOLASTIC**
**ATHLETIC ASSOCIATION, INC.**

      Defendants.

## COMPLAINT

### I.     PARTIES

1.      Plaintiff William Bassett is an adult individual who resides at 107 Glory Drive, Windber, PA 15963, and is a parent and natural legal guardian of B.B.

2.      Plaintiff B.B. is a minor who resides with William Bassett at 107 Glory Drive, Windber, PA 15963.

3.      Plaintiffs John and Ashley Miller are adult individuals who reside at 895 Baumgardner Road, South Fork, PA 15956, and are the parents and natural legal guardians of E.G., M.G., and M.M.

4.      Plaintiff E.G. is a minor who resides with John and Ashley Miller at 895 Baumgardner Road, South Fork, PA 15956.

5.      Plaintiff M.G. is a minor who resides with John and Ashley Miller at 895 Baumgardner Road, South Fork, PA 15956.

6.      Plaintiff M.M. is a minor who resides with John and Ashley Miller at 495 Baumgardner Road, South Fork, PA 15956.

7.      Plaintiffs Brent and Bridget Conklin are adult individuals who reside at 820 Bucknell Avenue, Johnstown, PA 15905 and are the parents and natural legal guardians of T.C.

8.      Plaintiff T.C. is a minor who resides with Brent and Bridget Conklin at 820 Bucknell Avenue, Johnstown, PA 15905.

9.      Plaintiffs John and Michelle McMullen are adult individuals who reside at 413 East Philadelphia Street, Armagh, PA 15920 and are the parents and natural legal guardians of O.M.

10.     Plaintiff O.M. is a minor who resides with John and Michelle McMullen at 413 East Philadelphia Street, Armagh, PA 15920.

11.     Plaintiff Jeremy Spontak is an adult individual who resides at 985 Locust Street, St. Michael, PA 15951 and is the parent and natural legal guardian of J.S.

12.     Plaintiff J.S. is a minor who resides with Jeremy Spontak at 985 Locust Street, St. Michael, PA 15951.

13.     Plaintiffs Benny and Tammy Butler are adult individuals and reside at 322 Kim Lane, Windber, PA 15963 and are the parents and natural legal guardians of J.B and J.B.

14.      Plaintiff J.B is a minor who resides with Benny and Tammy Butler at 322 Kim Lane, Windber, PA 15963.

15.     Plaintiff J.B is a minor who resides with Benny and Tammy Butler at 322 Kim Lane, Windber, PA 15963.

16.     Plaintiffs Patrick and Valerie Carfley are adult individuals who reside at 500 Blanchard St., Osceola Mills, PA 16666 and are the parents and natural legal guardians of A.R. and A.C.

17.     Plaintiff A.R. is a minor who resides with Patrick and Valerie Carfley at 500 Blanchard St., Osceola Mills, PA 16666.

18.     Plaintiff A.C. is a minor who resides with Patrick and Valerie Carfley at 500 Blanchard St., Osceola Mills, PA 16666.

19.     Plaintiffs Aaron and Alma Rodgers are adult individuals and reside at 2046 Oakridge Drive, Salix, PA 15952 and are the parents and natural legal guardians of A.R.

20.     Plaintiff A.R. is a minor who resides with Aaron and Alma Rodgers at 2046 Oakridge Drive, Salix, PA 15952.

21.     Plaintiff Howard Forrest is an adult individual who resides at 459 Clarence Street, Johnstown, PA 15905 and is the parent and natural legal guardian of J.F.

4

22.     Plaintiff J.F. is a minor who resides with Howard Forrest at 459 Clarence Street, Johnstown, PA 15905.

23.     Plaintiff Shannon Herring is an adult individual with a mailing address of P.O. Box 71, St. Michael, PA 15951 and is the parent and natural legal guardian of S.H.

24.     Plaintiff S.H. is a minor who resides with Shannon Herring and has a mailing address of P.O. Box 71, St. Michael, PA 15951.

25.     Plaintiff Sylvia Noronha is an adult individual who resides at 5120 White Oak Drive, Indiana, PA 15701 and is the parent and natural legal guardian of S.N.

26.     Plaintiff S.N. is a minor who resides with Sylvia Noronha at 5120 White Oak Drive, Indiana, PA 15701.

27.     Defendant is the Pennsylvania Interscholastic Athletic Association, Inc. ("PIAA"), with a mailing address of 550 Gettysburg Road, P.O. Box 2008, Mechanicsburg, Pennsylvania 17055.

28.     PIAA is a non-profit corporation existing under the laws of the Commonwealth of Pennsylvania and is an entity which undertakes state action, is a creature of the Pennsylvania Legislature, and has been recognized by Pennsylvania courts as a "state-affiliated entity."

29.     PIAA possesses statewide control over high school athletics, and it receives funds from its member schools and, therefore, largely from the Commonwealth of Pennsylvania's taxpayers.

30.     PIAA consists of twelve (12) geographic districts, each of which has a district committee elected by member schools within the district.

31.     Among the PIAA membership is Bishop McCort Catholic High School ("Bishop McCort"), a private Catholic high school located in Johnstown, PA, which is within PIAA District VI.

## II.     JURISDICTION AND VENUE

32.     This Honorable Court has jurisdiction over this matter because it arises under the Constitution and laws of the United States, 28 U.S.C. §1331, and, as to the state law claims asserted here, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 because those claims are so related to the federal claims in that they form part of the same case or controversy.

33.     Venue properly lies in the Western District of Pennsylvania under 28 U.S.C. §1391, as Plaintiffs reside within and the causes of action arose within this District.

## III.     FACTUAL AND LEGAL BACKGROUND

34.     B.B. is an 8th grade student at Bishop McCort, who competes in the sport of wrestling and is widely considered an elite wrestler.

35.     E.G. is a 12th grade student at Bishop McCort, who competes in the sport of wrestling and is widely considered an elite wrestler.

36.     M.G. is a 10th grade student at Bishop McCort, who competes in the sport of wrestling and is widely considered an elite wrestler.

37.     M.M. is a 8th grade student at Bishop McCort, who competes in the sport of wrestling and is widely considered an elite wrestler.

38.     T.C. is a 8th grade student at Bishop McCort who competes in the sport of wrestling.

39.     O.M. is an 8th grade student at Bishop McCort who competes in the sport of wrestling.

40.     J.S. is an 8th grade student at Bishop McCort who competes in the sport of wrestling.

41.    J.B. is an 8th grade student at Bishop McCort who competes in the sport of wrestling.

42.    J.B. is a 10th grade student at Bishop McCort who competes in the sport of wrestling.

43.    A.R. is a 11th grade student at Bishop McCort who participates in the athletic program at Bishop McCort.

44.    A.C. is a 7th grade student at Bishop McCort who competes in the sport of wrestling.

45.    A.R. is a 10th grade student at Bishop McCort who competes in the sport of wrestling.

46.    J.F. is a 8th grade student at Bishop McCort who competes in the sport of wrestling and is widely considered an elite wrestler.

47.    S.H. is an 8th grade student at Bishop McCort who competes in the sport of wrestling.

48.    S.N. is a 7th grade student at Bishop McCort who competes in the sport of wrestling.

49.    On November 16, 2020, B.B., E.G., M.G., M.M., and O.M. transferred from Forest Hills to Bishop McCort for academic reasons.  B.B., E.G., M.G., and M.M. also experienced difficult social issues while attending Forest Hills.

50.    In December 2020, J.B. and J.B. transferred to Bishop McCort for academic reasons after previously being homeschooled.

51.    In January 2021, S.H. transferred to Bishop McCort for academic reasons after previously being homeschooled.

52.    Bishop McCort hired William Bassett as a STEM teacher in February 2021.

53.     In March 2021, J.S. transferred from Forest Hills to Bishop McCort for academic reasons.

54.     Thereafter, in late-May 2021, Bishop McCort hired William Bassett as its wrestling coach.

55.     In August 2021, J.F. transferred to Bishop McCort after his family relocated so that they could be closer to their eldest daughter who enrolled in Mt. Aloysius College, which is located approximately 30 miles from Bishop McCort.

56.     In July 2021, S.N. transferred to Bishop McCort for academic reasons.

57.     In August 2021, T.C. transferred to Bishop McCort because his sister was being bullied and refused to attend the school in which she was enrolled at that time.

58.     In September 2021, A.R. transferred from Forest Hills to Bishop McCort for academic reasons.

59.     Also, in September 2021, A.R. and A.C. transferred to Bishop McCort for academic reasons.

60.     In sum, 8 students transferred to Bishop McCort before William Bassett was hired as a teacher, 1 additional student transferred to Bishop McCort after William Bassett was hired as a teacher at Bishop McCort, and 5 additional students transferred to Bishop McCort after William Bassett was hired as the wrestling coach at Bishop McCort.

61.     As a result, nearly 65% of the transfers at issue occurred before William Bassett was hired as the wrestling coach at Bishop McCort.

62.     All of the transfers were approved by PIAA District VI for athletic eligibility for Minor Plaintiffs.

63.    In addition to serving as wrestling coach at Bishop McCort, William Bassett owns and operates a private facility known as the Compound at which he trains athletes from ages four (4) to forty (40), including, but not limited to, wrestlers.

64.    William Bassett is also a volunteer coach for Ranger Pride Wrestling, an independent club wrestling team, which is not affiliated with any school.

65.    In August 2021, Bishop McCort submitted a PIAA Athletic Transfer Waiver Request Form for a recently enrolled student, A.R.

66.    As noted above, A.R. was in 10th grade and transferred from Forest Hills to Bishop McCort.

67.    Subsequently, Forest Hills requested that the PIAA District VI Committee ("Committee") review the circumstances of the transfer to assess whether the transfer was motivated in some way by an athletic purpose.

68.    On October 6, 2021, the Committee held a hearing to consider A.R.'s athletic eligibility.

69.    At the conclusion of the hearing, the Committee voted that A.R. transferred to Bishop McCort for athletic reasons.

70.    However, the Committee stayed A.R.'s potential suspension, and inexplicably, *and without notice to any and all Plaintiffs*, scheduled a second hearing to consider a different issue: whether Bishop McCort's wrestling program engaged in athletic recruiting.

71.    Notice of the second hearing was sent only to the Principal of Bishop McCort.

72.    On November 3, 2021, the Committee held a hearing to consider whether Bishop McCort engaged in athletic recruiting.

73.    The Minor Plaintiffs and William Bassett quickly became the targets of the hearing despite the facts that: (1) the Committee gave these individuals no notice of the hearing; (2) these individuals were not represented by counsel nor afforded the opportunity to be represented by counsel; and (3) these individuals were not specifically afforded an opportunity to testify in response to allegations that later gave rise to significant sanctions, which included, most notably, their suspensions from post-season wrestling.

74.    Of significant import here, despite the lack of *any* evidence to support findings that any of the Plaintiffs engaged in any wrongful conduct, the Committee handed down what are believed to be among the harshest penalties ever issued by the Committee, which were as follows:

> (1) wrestling coach William Bassett engaged in recruiting in violation of ARTICLE VI, TRANSFERS, RESIDENCE, AND RECRUITING, Section 9B 3 and 12 of the PIAA By-Laws and was suspended for a period of one (1) year;
>
> (2) there was an institutional failure of oversight on behalf of Bishop McCort that permitted the aforementioned recruiting to occur, and Bishop McCort's wrestling program was thus suspended from participation in District and Inter-district post-season competition for a period of 20 to 36 months and the Bishop McCort athletic program was placed on probation for a period of 3 years pursuant to ARTICLE XIII, PENALTIES, Section 7 of the PIAA By-Laws; and
>
> (3) Bishop McCort was required to develop outlines of questions for Bishop McCort administration to ask students desiring to transfer to Bishop McCort to determine if such transfers were materially motivated by an athletic purpose.

75.    On November 8, 2021, the Committee issued a two-page decision letter memorializing its vote.

76.    The Committee's decision letter was comprised entirely of conclusions, did not cite any record evidence to support its conclusions, and did not offer any reasoning or analysis in support of its decision to impose these extraordinarily harsh sanctions.

77.     Bishop McCort appealed the PIAA District VI Committee's decision to the PIAA.

78.     By letter dated November 22, 2021 addressed only to Thomas Smith, Principal of Bishop McCort, the PIAA scheduled a hearing on the appeal for December 1, 2021.

79.     Despite the fact that the PIAA ultimately handed down sanctions *which adversely affected all of the Plaintiffs*, *none of the Plaintiffs were given notice of the hearing or an opportunity to be heard at the hearing*.

80.     As a result of these acts and omissions and the acts and omissions of the Committee, all of which deprived all Plaintiffs of their rights to due process, the PIAA lacked jurisdiction to take any action against any of the Plaintiffs, including, but not limited to, punishing *individual students* as it ultimately did.

81.     Despite this blatant jurisdictional deficiency, a PIAA Board of Appeal ("Appeal Board") conducted a videoconference hearing to consider Bishop McCort's appeal on December 1, 2021.

82.     At the hearing, the transcripts from the two (2) Committee hearings were made a part of the record.

83.     Significantly, no evidence was presented that could support a determination that any of the Plaintiffs engaged in any conduct that was violative of the PIAA's Constitution, By-Laws, or any other PIAA Rules and Regulations.

84.     In fact, the December 1, 2021 hearing was comprised of argument from the Solicitor for Bishop McCort, the Principal of Bishop McCort, and a representative from the Pennsylvania Catholic Conference in support of Bishop McCort's appeal.

85.     While the Appeal Board members asked numerous pointed questions of Bishop McCort's Principal based, in many instances, on information outside the record, Plaintiffs, who received no notice of the Appeal Board Hearing, and who were not advised in any way that their rights could be directly affected by the outcome of the hearing, were not afforded an opportunity

to cross-examine the Appeal Board members, several of whom demonstrated a clear bias against Bishop McCort and its wrestling program.

86.     After the hearing, the five-member Appeal Board voted to uphold the decision of the PIAA District VI Committee and handed down what it termed "modified" penalties (with emphasis added):

- Pursuant to Article XIII, Section 5, of the PIAA By-Laws, Bishop McCort's wrestling program and students are barred from participation in PIAA post-season Contests for the 2021-2022 and 2022-2023 school years;

- Pursuant to Article XIII, Section 7, of the PIAA By-Laws, Bishop McCort's athletic program is placed on probation through June 30, 2024;

- As a condition of probation, Bishop McCort must report to District VI regarding the remedial measures required by the District no later than February 1, 2022, or additional sanctions may be implemented by District VI; and

- Pursuant to Article VI, Section 9D of the PIAA By-Laws, Coach Bassett is disqualified from coaching any athletic teams at any PIAA school for a period of two years effective December 1, 2021.

87.     By correspondence dated December 14, 2021 directed to Thomas Smith, Principal of Bishop McCort, the PIAA issued its written decision in support of the PIAA Appeal Board's vote.

88.     Again, Plaintiffs received no notice of the decision from the PIAA despite the significant impact of the decision on Plaintiffs' rights.

89.     In its decision, the PIAA determined Bishop McCort violated Article VI, Section 9 of the PIAA's By-laws, which states, as relevant:

**Section 9. Recruiting.**

12

One of the purposes of this ARTICLE is to deter recruiting which is materially motivated in some way by an athletic purpose. Recruiting for athletic purposes is directly contrary to fundamental interests of PIAA and its member schools and any school engaged in such conduct should do so with the expectation that it will be treated harshly upon proof of such conduct. Recruiting which is materially motivated in some way by an athletic purpose is contrary to the fundamental objectives of (1) keeping athletics in their proper place and subordinate to academics; (2) protecting student-athletes from 'exploitation' by adults and those having interests which might not be consistent with those of the student; and (3) maintaining competitive equity and a level playing field among PIAA member schools.

Recruiting which is materially motivated in some way by an athletic purpose is defined as efforts by a school, or any of its employees, agents, or representatives, to engage in, support, or condone conduct whereby a motivating factor is to seek out one or more athletes to attend a particular school; to promote a school's athletic program or personnel other than as part of the overall program at the school; and/or, to provide preferential treatment or attention to prospective enrollees who are athletes.

90.     Contrary to the PIAA's conclusions, there was no evidence of record that could support a determination that any of the Plaintiffs engaged in any acts or omissions which constitute "recruiting" within the meaning of the provision set forth above so as to warrant the excessive sanctions handed down by the Appeal Board.

91.     In fact, the uncontroverted evidence revealed that *none* of the transfers by the Minor Plaintiffs to Bishop McCort were materially motivated by an athletic purpose.

92.     To the contrary, the uncontroverted evidence established that the material motivation for the Minor Plaintiffs' transfers to Bishop McCort was academics.

93.     Indeed, the uncontroverted evidence established that, during the relevant timeframe, which entirely encompasses the ongoing COVID-19 pandemic and its ongoing challenges, Bishop McCort offered a greater opportunity for in-person learning as well as a

13

blended academy (comprised of in-person and "real time" online learning), which was far superior to the programs being offered by most, if not all, public schools in the Johnstown area.

94.     The PIAA's written decision is not based on evidence.

95.     Rather, the PIAA's written decision is, in its own words, premised largely upon suggestion, suspicion, and inference, all of which are improper bases for PIAA to deliver the sanctions imposed here.

96.     PIAA acted outside the bounds of its enabling legislation and untethered to anything resembling the requirements of the Administrative Agency Law, a statute under which every other state agency in the Commonwealth of Pennsylvania must comply, despite the fact that the PIAA has been judicially and legislatively recognized as a "state affiliated" entity and recipient of significant amounts of taxpayer funds.

97.     Of note, the interscholastic wrestling season is well underway.

98.     The regular season continues until late-January and post-season competition begins in early-February.

99.     As a result of PIAA's ruling Minor Plaintiffs are and/or will be prohibited from participating in post-season interscholastic wrestling at Bishop McCort, thereby eliminating their ability to compete in the nationally recognized Pennsylvania wrestling post-season.

100.    In addition, as a result of PIAA's ruling, Plaintiff William Bassett is prohibited from coaching at Bishop McCort or any other PIAA member school and is required to forfeit his coaching salary as well as other numerous intangible benefits he derives from coaching student athletes.

101.    As a result of being prohibited from participating in post-season interscholastic wrestling at Bishop McCort, the Minor Plaintiffs are suffering and will continue to suffer emotional damage, including anxiety and stress.

102.    Further, as a result of the severe and unsupported sanctions handed down by the Appeal Board, the Minor Plaintiffs' academic performances may also be negatively affected.

103.    In addition, Minor Plaintiffs, who are already forced to deal with the extraordinarily challenging effects of COVID-19 on their emotional and physical well-being and their education, are now prohibited by the Appeal Board's ruling from participating in post-season interscholastic wrestling, resulting in the loss of a very important component of their young lives.

104.    Further, the effects of and stigma occasioned by PIAA's ruling are likely to negatively impact the Minor Plaintiffs' abilities to obtain college scholarships and the benefits associated with those scholarships such as, by way of example only, Name, Image, and Likeness endorsements.

105.    With regard to William Bassett, PIAA's ruling has resulted in and will continue to result in a significant decline in the revenue generated from his private business, the Compound, as well as his ability to earn his coaching salary.

106.    The sanctions imposed by the PIAA have stigmatized and caused serious harm to William Bassett's reputation in the high school wrestling community, thereby gravely impairing his future prospects of employment as an athletic coach at a PIAA school, as well as causing William Bassett embarrassment and humiliation.

## **CLAIMS FOR RELIEF**

### **COUNT I: 42 U.S.C. §1983 - VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS TO DUE PROCESS UNDER THE 14th AMENDMENT TO THE U.S. CONSTITUTION**

107.    Plaintiffs incorporate herein by reference all of the preceding paragraphs above, as if fully set forth at length herein.

108.    Defendant PIAA has acted and is acting under color of state law.

109.    Under 42 U.S.C. §1983, PIAA is liable to Plaintiffs for violation of their rights under the United States Constitution.

110.    Specifically, PIAA's ruling and actions denied, interfered with, and/or infringed upon Plaintiffs' rights to due process, which are protected by the Fourteenth Amendment of the U.S. Constitution and Article 1, Section 1 of the Pennsylvania Constitution.

111.    More particularly, PIAA deprived Plaintiffs of their rights to due process by:

a.  acting outside the bounds of its enabling legislation and untethered to any requirements of the Administrative Agency Law, a statute which every other state agency in the Commonwealth of Pennsylvania must abide, despite being judicially and legislatively recognized as a "state affiliated" entity and recipient of significant amounts of taxpayer funds, and which is subject to the Right to Know Law and the Sunshine Act;

b.  assuming jurisdiction over Plaintiffs without any basis upon which to do so and despite failing to provide notice to all Plaintiffs of the Committee Hearing on November 3, 2021 and the Appeal Board Hearing of December 1, 2021 containing the provision(s) of the PIAA Constitution, By-Laws, Policies and Procedures and/or Rules and Regulations allegedly violated by Plaintiffs;

c.  failing, in violation of PIAA's own published procedures to specifically provide all Plaintiffs an opportunity to be heard at the Committee Hearing prior to rendering a decision that impacted all of the Plaintiffs' rights and interests;

d.  staying A.R.'s potential suspension at the Committee level, and inexplicably, and without notice to any and all Plaintiffs, scheduling a second hearing to consider a different issue: whether Bishop McCort's wrestling program engaged in athletic recruiting.

e.  permitting and endorsing the practice, in violation of PIAA's own published procedures, of Committee members testifying, based on speculation, hearsay, and observations made outside the hearing process against Plaintiffs at the Committee Hearing, especially where PIAA's own published procedures prohibited Plaintiff from cross-examining Committee members;

f.   imposing sanctions on Plaintiffs without any notice, without any opportunity for Plaintiffs to be heard and without the opportunity for Plaintiffs to appear with counsel;

g.   imposing sanctions on Plaintiffs based upon "findings" that were unsupported by any evidence of record and were based upon hearsay, speculation, suggestion, and observations obtained outside of the hearing process;

h.   failing to adequately consider uncontroverted evidence offered by Bishop McCort, through its Principal, which explained in detail the bases for the individuals that were the primary targets of the PIAA's ruling to enroll in Bishop McCort for academic purposes;

i.   finding Plaintiffs violated PIAA By-Laws where no evidence to support such a finding was presented;

j.   imposing sanctions that are grossly and disproportionately excessive in light of Plaintiffs' alleged violations of the PIAA Constitution, By-Laws, Rules and Regulations and/or Policies and Procedures;

k.   promulgating and endorsing procedures that permitted the Appeal Board to affirm the Committee's decision and sanctions despite the aforementioned jurisdictional and due process defects in said decision and sanctions; and

l.   permitting the Appeal Board to enhance the sanctions against Plaintiffs, without authorization by the PIAA Constitution or By-Laws.

WHEREFORE, Plaintiffs, individually and as parents and natural guardians of Minor Plaintiffs, respectfully request this Court enter an order: (a) enjoining the PIAA from acting in any way to prohibit Minor Plaintiffs from participating in post-season interscholastic wrestling as members of the wrestling team at Bishop McCort Catholic High School, including without limitation during the 2021-2022 and 2022-2023 seasons; (b) enjoining the PIAA from acting in any way to prohibit Plaintiff William Bassett from coaching athletic teams at Bishop McCort or

any other PIAA schools for any period; (c) directing the PIAA to pay to Plaintiffs their reasonable attorney fees; and (d) granting Plaintiffs such other and further relief as justice may require.

### COUNT II - 42 U.S.C. §1983 - VIOLATION OF PLAINTIFFS' RIGHTS UNDER THE FIRST AMENDMENT TO THE U.S. CONSTITUTION

112. Plaintiffs incorporate herein by reference all of the preceding paragraphs above, as if fully set forth at length herein.

113. Defendant PIAA has acted and is acting under color of state law.

114. PIAA's ruling and actions denied, interfered with, and/or infringed upon Plaintiffs' rights under the United States Constitution, including Plaintiffs' First Amendment right to freedom of association by retaliating against, severely penalizing, and stigmatizing Plaintiffs for their choice to attend Bishop McCort, a private catholic high school, on the basis of the superior academic programming it offered compared to various other public and private schools, particularly during the ongoing COVID-19 pandemic.

115. PIAA's ruling and actions have resulted in Plaintiffs being labeled as engaging in wrongdoing when, in fact, the parents of the Minor Plaintiffs exercised their rights to attend the school of their choosing based on the academic program it offered.

116. Indeed, had these students not associated with RPW or the Compound, which are private entities separate and apart from and not affiliated in any manner with Bishop McCort, there would be no basis upon which the PIAA could take any action.

117. The sole basis for the PIAA's decision to penalize Minor Plaintiffs and William Bassett was the association between Plaintiffs and RPW or the Compound, which is a direct impingement on Plaintiffs' right to freely associate in violation of the U.S. and Pennsylvania Constitutions and, of additional import, was based entirely on assumption and inference.

118. PIAA's ruling and actions denied, interfered with, and/or infringed upon Plaintiffs' rights to freely associate under the Pennsylvania Constitution.

119.    PIAA's ruling and actions infringing upon Plaintiffs' constitutional right to freedom of association are irrational and arbitrary and are neither supported by nor narrowly tailored to further or achieve any compelling justification or interest.

120.    Under 42 U.S.C. §1983, PIAA is liable to Plaintiffs for violation of their rights under the United States Constitution.

121.    PIAA is also liable to Plaintiffs for violation of their rights to reputation, which are protected under and enshrined in Article I, Sections 1 and 11 of the Pennsylvania Constitution.

122.    In addition, PIAA's ruling and actions infringed upon Plaintiff's rights to school choice codified in Section 13-1327 of the Public School Code of 1949, 24 P.S. §13-1327, by, including, but not limited to, determining Minor Plaintiffs were ineligible to participate in post-season interscholastic wrestling for two seasons in response to their parents and/or guardians decisions to enroll them into a private Catholic school based upon the school's high standards for its educational programming for students.

123.    As a result of the PIAA's ruling and actions, Plaintiffs will suffer immediate and irreparable harm, including an inability to compete in interscholastic post-season folkstyle wrestling at PIAA tournaments, which are among the most prestigious in the nation, thereby jeopardizing their ability to gain, among other things, college scholarships and potential Name, Image, and Likeness endorsements, as well as emotional damage, anxiety and stress, and interference with and negative effect upon their school experience including, but not limited to, their academic performances.

124.    In addition, the PIAA's ruling which lacks any record support will diminish student and parent respect for PIAA's policies and the fairness of the interscholastic sports system under the governance of PIAA and would be prejudicial to the public interest.

125.    The injury that will result if injunctive relief is denied will be greater than any injury that would result if injunctive relief is granted.

126.     If an injunction is not granted, Plaintiffs will suffer substantial and irreparable harm and there will be substantial prejudice to the public interest.

127.     In contrast if the injunction is granted, PIAA would not suffer any injury.  The PIAA's Bylaws will have been followed, and the PIAA will have achieved any and all purposes and objectives underlying its Bylaws.

128.     An injunction against the PIAA's prohibition against Plaintiff's participation in post-season interscholastic wrestling, which is unsupported by the PIAA's Bylaws, would restore the status quo.

129.     Plaintiffs have no adequate remedy at law to protect their rights and restraint by injunction is necessary to afford adequate relief.

130.     Plaintiffs request a *de novo* hearing on this matter, given that, as explained more fully below, the administrative processes below did not provide for due process.

WHEREFORE, Plaintiffs, individually and as parents and natural guardians of Minor Plaintiffs, respectfully request this Court enter an order: (a) enjoining the PIAA from acting in any way to prohibit Minor Plaintiffs from participating in post-season interscholastic wrestling as members of the wrestling team at Bishop McCort Catholic High School, including without limitation during the 2021-2022 and 2022-2023 seasons; (b) enjoining the PIAA from acting in any way to prohibit Plaintiff William Bassett from coaching athletic teams at PIAA schools for any period; (c) directing the PIAA to pay to Plaintiffs their reasonable attorney fees; and (d) granting Plaintiffs such other and further relief as justice may require.

## COUNT III – 42 U.S.C. §1983 - VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION

131.     The plaintiffs incorporate herein by reference all of the preceding paragraphs above, as if fully set forth at length herein.

132.     PIAA has acted and is acting under color of state law.

133.   PIAA's ruling and actions denied, interfered with and/or infringed upon Minor Plaintiff's and their parents' rights under the United States Constitution, including the Equal Protection Clause of the Fourteenth Amendment.

134.   PIAA's ruling and actions denied, interfered with and/or infringed upon Minor Plaintiffs and their parents' rights under the equal protection provisions of the Pennsylvania Constitution.

135.   PIAA's ruling and actions denied, interfered with and/or infringed upon Minor Plaintiffs and their parents' constitutional rights to equal protection of the laws, in that, among other things, PIAA issued sanctions that unfairly discriminated against Minor Plaintiffs as student athletes who transferred to a new school because of their choice to attend a Catholic school that offered superior academic programming in the midst of the COVID-19 pandemic.

136.   Through its ruling and actions, the PIAA has created a double standard.  In particular, it has raised no issue regarding athletic eligibility with numerous students who transferred to PIAA schools for athletics, while handing down what are believed to be among the harshest penalties ever delivered based on the elite status of several of the Minor Plaintiffs in the wrestling community.

137.   The unfair discrimination by PIAA with regard to Minor Plaintiff's ability to compete in interscholastic post-season events, which infringed on fundamental rights of Minor Plaintiffs and their parents, namely their rights to due process, reputation, and freedom of association, which are protected under the United States Constitution and the Pennsylvania Constitution.

138.   PIAA's ruling and actions unfairly discriminating against Minor Plaintiffs as student athletes who transferred to a new school based on the educational choices of their parents', as opposed to PIAA's determination of eligibility for the post-season as to student athletes who transferred to new schools but not as a result of their parents' educational preferences for a Catholic

high school, particularly during the COVID-19 pandemic, are irrational and arbitrary and wholly unsupported by and not narrowly tailored to further or achieve any compelling justification or interest.

139.    PIAA's ruling and actions unfairly discriminating against Minor Plaintiffs as student athletes who transferred to a new school as a consequence of their parents' educational choices, as opposed to PIAA's determination of eligibility for the post-season as to student athletes who transferred to a new school but not as a result of their parents' choices to be educated at a private Catholic high school, infringe upon Minor Plaintiffs' educational experience as high school student athletes who participate in interscholastic athletics.

140.    PIAA's ruling and actions regarding determination of Minor Plaintiffs' eligibility differently from that of student athletes who transfer to a new school but not as a consequence of their parents' educational choices are not rationally related to or supported by any legitimate interest or justification.

141.    PIAA's ruling and actions regarding its determination of Minor Plaintiffs ineligibility to compete in interscholastic post-season tournaments unfairly discriminated against Minor Plaintiffs by denying their eligibility for interscholastic post-season wrestling based on a transfer to a Catholic high school for academic reasons.

142.    PIAA's ruling and actions regarding determination of Minor Plaintiffs' eligibility for post-season competition differently from that of student athletes who transfer to a new school for other reasons and is not rationally related to nor supported by any legitimate interest or justification.

143.    Under 42 U.S.C. §1983, PIAA is liable to Plaintiffs for violation of their rights under the United States Constitution.

144.    PIAA also is liable to Plaintiffs for violation of their equal protection rights under the Pennsylvania Constitution.

145.    As set forth in greater detail above, as a result of the PIAA's ruling Plaintiffs will suffer immediate and irreparable harm and the public interest will be harmed.

146.    In addition, as set forth in further detail above, the injury that will result if injunctive relief is denied will be greater than any injury that would result if injunctive relief is granted, and an injunction would restore the status quo.

147.    Also, as set forth in further detail above, Plaintiffs have no adequate remedy at law to protect their rights and restraint by injunction is necessary to afford adequate relief, and Plaintiffs are entitled to a *de novo* hearing on this matter.

148.    PIAA's sanctions against Plaintiffs are arbitrary and capricious and are without factual support in the record made before the Committee or the Appeal Board.

WHEREFORE, Plaintiffs, individually and as parents and natural guardians of Minor Plaintiffs, respectfully request this Court enter an order: (a) enjoining PIAA from acting in any way to prohibit Minor Plaintiffs from participating in post-season interscholastic wrestling as members of the wrestling team at Bishop McCort Catholic High School, including without limitation during the 2021-2022 and 2022-2023 seasons; (b) enjoining PIAA from acting in any way to prohibit Plaintiff William Bassett from coaching athletic teams at PIAA schools for any period; (c) directing the PIAA to pay to Plaintiffs their reasonable attorney fees; and (d) granting Plaintiffs such other and further relief as justice may require.

## COUNT IV - 42 Pa. C.S. § 8343 - DEFAMATION

149.    Plaintiffs incorporates the averments made in the paragraphs above as if fully set forth herein.

150.    In its December 14, 2021 letter decision, PIAA stated that Plaintiff William Bassett engaged in recruiting in violation of PIAA Bylaws.

151.    In its December 14, 2021 letter decision, PIAA specifically referenced Minor Plaintiffs as well as Plaintiff William Bassett's private business, the Compound, and an

independent wrestling club, Ranger Pride Wrestling, for which Plaintiff William Bassett serves as a volunteer coach, and indicated Plaintiff William Bassett utilized those entities for improper purposes and in furtherance of recruiting in violation of PIAA Bylaws.

152.    In addition, in its December 14, 2021 letter decision, PIAA referenced by full name Minor Plaintiff B.B. in connection with its findings that improper recruiting activities occurred.

153.    Further, at its December 1, 2021 Appeal Board hearing, Board Members specifically referred to Minor Plaintiffs by their full names.

154.    PIAA made the statements referred to in paragraphs 149, 150, 151, and 152 above, with malice and without any reason to believe the information conveyed had any basis in truth given that the record produced before the Committee and the Appeal Board lacked any support for the statements.

155.     The statements described in paragraphs 149, 150, 151, and 152 above are defamatory *per se*, are false and were uttered by PIAA for the sole purpose of depriving Plaintiffs of their good names and reputations, interfering with Plaintiff William Bassett's private business and coaching opportunities, and significantly hindering Minor Plaintiffs' opportunities to obtain certain benefits, including, but not limited to, college scholarships and Name, Image, and Likeness endorsements.

156.    As a direct and proximate result of the false and defamatory utterances by PIAA, all Plaintiffs have been greatly hurt and injured in their good names and reputations.

157.    In addition, the revenues, profits and reputation of Plaintiff William Bassett and his private business, the Compound, have suffered as a direct and proximate result of the statements of PIAA.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant in an amount in excess of $50,000.00, plus interest and costs.

## COUNT V - 42 Pa. C.S. § 7532 - DECLARATORY JUDGMENT

158.    Plaintiffs incorporate the averments made in the paragraphs above as if fully set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court declare PIAA to have violated Plaintiffs rights and liberties as guaranteed by the First and Fourteenth Amendment to the United States Constitution, Article I Sections and 1 and 11 of the Pennsylvania Constitution, as well Section 1327 of the Public School Code of 1949.

Respectfully Submitted,

RepkaMazin LLC

Date: January 7, 2021                                    By: *Joshua S. Mazin*
                                                             Joshua S. Mazin, Esq.
                                                             Pa. ID. No. 87680
                                                             108 East Center Street
                                                             Nazareth, Pennsylvania 18064
                                                             Phone: (610) 365-2670
                                                             *Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

**WILLIAM BASSETT, individually and**          :
**as Parent and Natural Guardian of B.B.**      :
**& K.B., Minors**                              :
                                                :
                                                :
          **and**                               :
                                                :
**JOHN and ASHLEY MILLER, individually**        :
**and as Parents and Natural Legal Guardians**  :
**of E.G., M.G. & M.M., Minors**                :
                                                :          CIVIL NO. _____
          **and**                               :
                                                :
**BRENT and BRIDGET CONKLIN,**                  :
**Individually and as Parents and**             :
**Natural Legal Guardians**                     :
**of T.C.**                                     :
                                                :
          **and**                               :
                                                :
**JOHN and MICHELLE MCMULLEN,**                 :
**Individually and as Parents and**             :
**Natural Legal Guardians**                     :
**of O.M.**                                     :
                                                :
          **and**                               :
                                                :
**JERMEY SPONTAK,**                             :
**Individually and as Parent and**              :
**Natural Legal Guardian**                      :
**of J.S.**                                     :
                                                :
          **and**                               :
                                                :
**BENNY AND TAMMY BUTLER,**                     :
**Individually and as Parents and**             :
**Natural Legal Guardians**                     :
**of J.B. & J.B.**                              :

26

**and**             :

            :

**PATRICK AND VALERIE CARFLEY,**    :
**Individually and as Parents and**     :
**Natural Legal Guardians**        :
**of A.R. & A.C.**          :

            :

       **and**        :

            :

**AARON AND ALMA RODGERS,**     :
**Individually and as Parents and**     :
**Natural Legal Guardians**        :
**of A.R.**          :

            :

       **and**        :

            :

**HOWARD FORREST,**       :
**Individually and as Parent and**     :
**Natural Legal Guardian**        :
**of J.F.**          :

            :

       **and**        :

            :

**SHANNON HERRING,**      :
**Individually and as Parent and**     :
**Natural Legal Guardian**        :
**of S.H.**          :

            :

       **and**        :

            :

**SYLVIA NORONHA,**       :
**Individually and as Parent and**     :
**Natural Legal Guardian**        :
**of S.N.**          :
      Plaintiffs,      :

            :

       **v.**         :

            :

            :

**PENNSYLVANIA INTERSCHOLASTIC**   :
**ATHLETIC ASSOCIATION, INC.**    :

            :

Defendants.                                    :

---

## **VERIFICATION**

I, Benny Butler , verify that I am authorized to make this verification and

that the statements made in the foregoing complaint are true and correct to the best of my

knowledge, information, or belief. I understand that false statements made herein are made subject

to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: 1/16/2022

Benny Butler

Name

Defendants.                           :

## **VERIFICATION**

I, _William Bassett_____, verify that I am authorized to make this verification and

that the statements made in the foregoing complaint are true and correct to the best of my

knowledge, information, or belief. I understand that false statements made herein are made subject

to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: _Jan 6, 2022_____                    _William Bassett_____

                                              _William Bassett_____
                                              Name

Defendants.                                          :

_____

## **VERIFICATION**

I, <u>Valerie Carfley / Patrick Carfley</u>, verify that I am authorized to make this verification and that the statements made in the foregoing complaint are true and correct to the best of my knowledge, information, or belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: <u>01/05/21</u>                          *Valerie Carfley Patrick Carfley*

                                   <u>Valerie Carfley / Patrick Carfley</u>
                                   Name

28

Defendants.                                        :

## **VERIFICATION**

I, _Howard Forrest_ , verify that I am authorized to make this verification and

that the statements made in the foregoing complaint are true and correct to the best of my

knowledge, information, or belief. I understand that false statements made herein are made subject

to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: _1/5/2022_

_Howard Forrest_
Name

52

Defendants.                                    :

---

## **VERIFICATION**

I, ___Shannon K Herring___ , verify that I am authorized to make this verification and that the statements made in the foregoing complaint are true and correct to the best of my knowledge, information, or belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: ___01/04/2022_____          _____

                                        _____
                                        Shannon K Herring
                                        Name

58

Defendants.                     :

## **VERIFICATION**

I, _John McMllan_ , verify that I am authorized to make this verification and that the statements made in the foregoing complaint are true and correct to the best of my knowledge, information, or belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: _1-5-22_

_John McMllan_
Name

Defendants.                                    :

## **VERIFICATION**

I, _Ashley Miller_____, verify that I am authorized to make this verification and that the statements made in the foregoing complaint are true and correct to the best of my knowledge, information, or belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: _1/6/22_____                         _Ashley Miller_____

                                               _Ashley Miller_____
                                               Name

28

Defendants.                                    :

## **VERIFICATION**

I, ___John Miller___, verify that I am authorized to make this verification and

that the statements made in the foregoing complaint are true and correct to the best of my

knowledge, information, or belief. I understand that false statements made herein are made subject

to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: ___1 | 6 | 22___                         _____

                                              ___John M Miller___
                                              Name

28

Defendants.                                    :

## VERIFICATION

I, _Sylvia C Noronha_____, verify that I am authorized to make this verification and

that the statements made in the foregoing complaint are true and correct to the best of my

knowledge, information, or belief. I understand that false statements made herein are made subject

to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: _01/05/2022_____        _____

                                        Sylvia C Noronha
                                        _____
                                        Name

# VERIFICATION

I, _Aaron Rodgers_ , verify that I am authorized to make this verification and that the statements made in the foregoing complaint are true and correct to the best of my knowledge, information, or belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: _1/6/2022_

_Aaron Rodgers_
Name

28

Defendants.

## **VERIFICATION**

I, Jeremy J. Spontak, verify that I am authorized to make this verification and that the statements made in the foregoing complaint are true and correct to the best of my knowledge, information, or belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: 1-6-22

Jeremy J Spontak

Jeremy J Spontak
Name

Defendants.                                    :

---

## **VERIFICATION**

I, ___Tammy Butler___, verify that I am authorized to make this verification and that the statements made in the foregoing complaint are true and correct to the best of my knowledge, information, or belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: ___1 | 6 | 2022___

___Tammy Butler___

___Tammy Butl___
Name

Defendants.                                    :

## **VERIFICATION**

I, _Brent A Conklin_, verify that I am authorized to make this verification and that the statements made in the foregoing complaint are true and correct to the best of my knowledge, information, or belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: _1-7-22_

_Brent A Conklin_
Name

28

Defendants.

_____

### **VERIFICATION**

I, _Bridget Cook_, verify that I am authorized to make this verification and that the statements made in the foregoing complaint are true and correct to the best of my knowledge, information, or belief. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

Date: _1-7-22_

_Bridget Cook_
Name

31